IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABRINA SULLIVAN<br>*Plaintiff.* | § § § § | |
| v. | § § | Cause No. 4:21-cv-2389<br>(Jury Demanded) |
| BANKER'S LIFE SECURITIES, INC.,<br>and JESSE LEOS<br>*Defendants.* | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, Sabrina Sullivan ("Plaintiff"), and file this Original Complaint against Banker's Life Securities, Inc., and Jesse Leos (collectively "Defendants") and in support thereof would show the Court and Jury as follows:

### A.   INTRODUCTION

1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

2. Plaintiff Sabrina Sullivan alleges Defendants discriminated against Plaintiff based on Plaintiff's sex and retaliated against for participating in an ongoing investigation of discrimination in violation of Title VII of the Civil Rights Act of 1964. This action seeks equitable relief, compensatory damages, liquidated damages, mental anguish damages, attorneys' fees, expert witness fees, taxable court costs, and pre-judgment and post-judgment interest.

### B.   PARTIES

3. Plaintiff, Sabrina Sullivan (herein "Sabrina" or "Plaintiff Sabrina") is an individual residing in the Southern District of Texas.

4. Defendant, Bankers Life Securities, Inc., is a professional association that may be served with process through its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

5. Defendant, Jesse Leos is an individual whose residence is in Dallas County, Texas, and may be served with citation at 7610 Bob White Dr, Rowlett, TX 75088.

## C.    JURISDICTION AND VENUE

6. The Court has jurisdiction over the lawsuit because the suit arises under Title VII of the Civil Rights Act of 1964, as amended.

7. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on March 7, 2018. *Please see Notice of Right to Sue letter attached as Exhibit 1.*

8. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2), because among other reasons, Defendants are doing business in this district and division; Plaintiff Sabrina worked for Defendants in this district and division; and a substantial part of the events giving rise to the claim occurred in this district and division.

## D.    STATEMENT OF FACTS

9. On or around March 2017, Plaintiff Sabrina was contracted by Defendants as an insurance sales agent and was hired as a full-time employee with the title of a unit field trainer on or around February 2018.

10. Plaintiff Sabrina continuously performed well, she did not receive any negative reports, and was praised by her supervisors.

11. Defendant Bankers Life is owned by a Cheryl L. Heilman. Defendant Jesse Leos hired Plaintiff Sabrina, conducted her performance evaluations and was her supervisor.

12. Plaintiff Sabrina was sexually harassed by Defendant Jesse Leos and was in contact with Defendant on a more constant basis. Defendant Jesse was persistent and aggressive with Plaintiff. As Plaintiff continued to deny Defendant Jesse's sexual advances, Defendant Jesse as Plaintiff's direct supervisor and fellow employee of Bankers Life, began taking action against Plaintiff.

13. Plaintiff Sabrina was stripped of her office space and was removed of access by Defendant Jesse. Defendant Jesse took away Plaintiff's parking spot at the office and began to send the sale leads to other female agents in the office. Defendant Jesse would rub Plaintiff's shoulders and massage her back while she was in the office as he would ask Plaintiff to be his partner and that he needed a partner.

14. Defendant's actions continued and caused Plaintiff Sabrina to no longer be able to perform her job as a Unit Field Trainer. Defendant Jesse's aggressive advances and retaliatory actions, Plaintiff requested to return to her former position as a contracted insurance sales agent in or around June 2019. Defendant Jesse's inappropriate actions towards women contact agents continued and he began to sexually harass a new female contract agent known as Sandra Young. Defendant Jesse continued the same abusive, aggressive, and inappropriate conduct. Ms. Young complained to Defendant Jesse and Human Resources. Defendant Jesse was soon removed from the office. After Defendant Jesse's removal, the District Manager asked Plaintiff Sabrina to return to her former position as an employee of Banker's Life with the title of Unit Field Trainer on October 2019.

15. Plaintiff's new supervisor that took Defendant Jesse's position did not want her or any other employees or contract sales agents to discuss Defendant Jesse's inappropriate conduct. Plaintiff was reached out to by Ms. Young regarding her experience and discussed similar details

of Defendant's inappropriate conduct. Plaintiff relayed to her new supervisor that Defendant Jesse's conduct was inappropriate, and that Defendant has affected the employment of other female employees and contracted sales agents with Banker's Life. Plaintiff's supervisor was extremely angry with Plaintiff and told her not to speak with Ms. Young or anyone else regarding Defendant Jesse, or the EEOC charge filed by Ms. Young. Plaintiff's supervisor and other employees of Banker's Life began to harass Plaintiff because of her participation and discussion with Ms. Young regarding her harassment.

16. On December 2019, Plaintiff Sabrina filed a complaint with the Human Resources regarding the ongoing harassment even after the removal of Defendant Jesse, and the "cover-up" of his harmful conduct while working for Banker's Life. Plaintiff was met with continued requests to not discuss the problems, to conceal them. Plaintiff was told that her job would be in jeopardy if she continued to discuss the inappropriate conduct. Plaintiff soon realized that Banker's Life would not fix the internal problem they had and ultimately had to leave her position because of the persistent harassment and threats to her job in January 2020.

17. In the Charge of Discrimination Plaintiff Sabrina alleged discrimination in the terms and conditions of her employment due to sex, and in retaliation for complaining of unequal treatment to her supervisor and the head of human resources.

### E. PLAINTIFF SABRINA'S CAUSES OF ACTION

18. Plaintiff asserts the following causes of action:

### VIOLATION OF FEDERAL DISCRIMINATION LAWS

19. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

20. The actions of Defendants' agents and employees were in violation of Federal law under Title VII of the Civil Rights Act of 1964, as amended, in that Plaintiff Sabrina suffered discrimination in terms, conditions, and privileges of her employment due to her sex. Plaintiff Sabrina suffered discrimination and harassment by Defendant Banker's Life's employees and Defendants' agents or employees retaliated against her by perpetrating continuous harassment, verbal abuse, threats, and treating her differently based on her sex.

21. Plaintiff seeks an award of all damages to which she is entitled including loss of income and benefits in an amount to be proven at trial for the discrimination as aforesaid.

## HOSTILE WORK ENVIRONMENT

22. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

23. Plaintiff alleges that the acts alleged herein created a hostile work environment based upon discrimination and retaliation for which she is entitled to an award of all damages to which she is entitled in an amount to be proven at trial. Plaintiff Sabrina endured harassment from her supervisors in the form of sexual harassment, denial of access to job opportunities, threats and intimidation, ultimately requiring the Plaintiff to endure this conduct as a condition of her employment.

## RETALIATION

24. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

25. The actions of Defendants' agent and employees against Plaintiff were in retaliation for her complaint of discrimination, and harassment by fellow employees at Banker's Life. After Plaintiff Sabrina's complaint, the Defendant began to threaten her job, and treated

Plaintiff differently than the other similarly situated employees because of the Plaintiff's complaint to her supervisor and human resources. The treatment experienced by the Plaintiff was harmful, disparaging, discriminatory, retaliatory, and directly aimed at Plaintiff to force her to quit. The difference in treatment by the Defendant's employees created a hostile environment because the Plaintiff was forced to endure the disparaging and unequal treatment as a condition of her employment.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

27. Defendants' intentionally or recklessly acted in an extreme and outrageous manner proximately causing the Plaintiff to suffer severe emotional distress. Defendants' pretextual investigation based on false claims to terminate Plaintiff's employment caused extreme and severe emotional distress for her. Conducting a false investigation solely to disrupt Plaintiff's life and terminate employment is an extreme and outrageous action to end an employment relationship. Plaintiff will seek damages for the emotional injuries suffered for the severe emotional harm caused by the Defendants.

## CONSTRUCTIVE DISCHARGE

28. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

29. Defendants' conduct of harassment and/or discrimination was so intolerable that Plaintiff acted as any reasonable person would in the same position. Based on Defendants' ongoing cover-up, harassment, and retaliation even after the reports of and removal of Defendant

Leos compelled Plaintiff to resign and Plaintiff's decision to resign was reasonable given the totality of the circumstances as outlined above.

### F. ATTORNEYS' FEES

30. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the attorneys listed in this pleading. Plaintiff seeks recovery of reasonable and necessary attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Judgment against Defendants for actual damages sustained by the Plaintiff as alleged herein;

b. Grant Plaintiff general damages for Defendants' violations of Title VII of the Civil Rights Act of 1964;

c. Compensatory damages;

d. Pre-judgment interest at the highest legal rate;

e. Post-judgment interest at the highest legal rate until paid;

f. Damages for mental pain and mental anguish;

g. Liquidated damages;

h. Attorney's fees;

i. All costs of court;

j. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show she is justly entitled.

        Respectfully Submitted,

        BY/s/Nathan E. Inurria
        NATHAN E. INURRIA
        State Bar No. 24101953
        Federal ID No. 3020186
        GEORGE K. FARAH
        State Bar No. 24040882
        Federal ID No. 38353
        FARAH LAW GROUP, PLLC
        1211 Hyde Park Blvd
        Houston, Texas 77006
        T: (713) 529-6606
        F: (713) 529-6605
        E: nei@gflawoffices.com
        E: gkf@gflawoffices.com
        *ATTORNEYS FOR PLAINTIFF*